UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>            )<br>            )<br>        Plaintiff,  )<br>            )<br>    vs.      )<br>            )<br>            )<br>RANDY JAMES JERRED,  )<br>            )<br>            )<br>        Defendant.  )<br>_____) | No. CR-05-2023-AAM<br><br>**ORDER DENYING<br>MOTION FOR REVOCATION<br>OR AMENDMENT OF<br>DETENTION ORDER** |

Defendant's Motion For Revocation Or Amendment Of Order of Detention (Ct. Rec. 16), pursuant to 18 U.S.C. §3145(b), was heard on April 18, 2005. Jill Bolton, Esq., Assistant U.S. Attorney, appeared for the United States. Anne Walstrom, Esq., Federal Defenders' Office, appeared for defendant. Counsel presented oral argument and the court heard testimony from David Beach, defendant's brother. The court has also considered written submissions from various acquaintances of the defendant which will be made part of the record.

Defendant has been indicted for Possession of Firearm by a Prohibited Person, 18 U.S.C. §922(g)(1), based on his previous felony convictions for First Degree Arson in the Kittitas County Superior Court, Second Degree Assault in the Kittitas County Superior Court, Manufacture and Delivery of a Schedule 1, 2 Narcotic in the Yakima County Superior Court, and Felon in Possession of a Firearm in this court on September 6, 1996. Magistrate Judge Leavitt held a detention hearing on March 25. He entered an order granting the government's motion for detention (Ct. Rec. 15), finding clear and convincing evidence that there were no conditions

**ORDER DENYING MOTION FOR
REVOCATION OR AMENDMENT OF DETENTION ORDER- 1**

that could be imposed which would adequately protect community safety.[1]

A detention hearing is held upon the motion of the government in a case that involves:

> (A) a crime of violence;
> (B) an offense for which the maximum sentence is life imprisonment or death;
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.); or
> (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses[.]

18 U.S.C. §3142(f)(1).

If, after a hearing pursuant to 18 U.S.C. §3142(f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the judicial officer shall order the detention of the defendant pending trial. 18 U.S.C. §3142(e). The factors which are to be considered in determining whether a defendant should be detained pretrial include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the risk of danger to any person or the community. 18 U.S.C. §3142(g). In reviewing a magistrate judge's detention order, the district court must make its own *de novo* determination of the facts. 18 U.S.C. §3145(b); *United States v. Koenig*, 912 F.2d 1190, 1191-93 (9th Cir. 1990).

There is no dispute the government was justified in seeking a detention hearing based on 18 U.S.C. §3142(f)(1)(D). Defendant has been convicted of two or more State or local offenses that would have been either "crimes of violence" (First Degree Arson and Second Degree Assault), or a controlled substances offense (Manufacture/Deliver Schedule 1, 2 Narcotic) for which a maximum of ten years or more imprisonment would have applied had the offenses been prosecuted under federal jurisdiction. The critical inquiry then is whether there is any condition or combination of conditions which will reasonably assure the safety of any other person and the

---

[1] Magistrate Judge Leavitt found that defendant did not present a flight risk.

**ORDER DENYING MOTION FOR**
**REVOCATION OR AMENDMENT OF DETENTION ORDER- 2**

1  community. The government has the burden of proving by clear and convincing evidence that
2  the defendant poses a danger to the community. *United States v. Gebro*, 948 F.2d 1118, 1121
3  (9th Cir. 1991).

4  Based on the Pretrial Services Report prepared by the U.S. Probation Office, this court
5  finds there is clear and convincing evidence that defendant presents a danger to the community.[2]
6  In September of 1996, defendant was convicted in this court of being a felon in possession of a
7  firearm. He is facing that same charge in this court once again. A grand jury has found probable
8  cause to believe defendant was in possession of a loaded shotgun found sitting on the top of the
9  front door jamb of defendant's residence. It is alleged the firearm was discovered when
10 authorities assisted child protective services in obtaining from defendant some of his daughter's
11 clothing. The defendant has a history of violence, including domestic violence. In 1992, he was
12 convicted of assaulting his then wife, the mother of the aforementioned daughter. Defendant is
13 also no stranger to loaded weapons. In November 2001, the defendant was the driver of a
14 vehicle which attempted to elude pursuing law enforcement officers. After stopping the vehicle,
15 defendant attempted to get away on foot but was apprehended. A loaded assault rifle and a
16 sawed off shotgun were found in the vehicle, as were small amounts of methamphetamine and
17 heroin. Following substance abuse treatment in 2002, the defendant did not have further
18 encounters with the law, until now. While this is certainly commendable, the fact is that the
19 defendant is now faced with a charge of possessing a loaded shotgun, allegedly found above the
20 front door jamb of his residence, suggesting it had been placed there for easy access and use.
21 Defendant did not threaten law enforcement or protective services personnel with the weapon,
22 but the "community" is not limited to them. Considering the current charge in conjunction with
23 defendant's criminal history leads this court to conclude he is a danger to the community and
24 there is no condition or combination of conditions which will assure the safety of the community
25 pending his trial (scheduled for May 24). Bond, curfew and/or electronic monitoring may be

---

[2] A copy of this confidential report will be filed under seal so it is part of the record in case an appeal to the circuit is taken from this order.

**ORDER DENYING MOTION FOR**
**REVOCATION OR AMENDMENT OF DETENTION ORDER- 3**

1  deterrents to flight, but they will not assure the safety of the community in this case.
2      For these reasons, defendant's Motion For Revocation Or Amendment Of Order of
3  Detention (Ct. Rec. 16) is **DENIED**.
4      **IT IS SO ORDERED**.  The District Executive is directed to enter this order and forward
5  copies to counsel and to Magistrate Judge Leavitt..
6      **DATED** this  19th  of April, 2005.

          s/ Alan A. McDonald
          ALAN A. McDONALD
          Senior United States District Judge

**ORDER DENYING MOTION FOR**
**REVOCATION OR AMENDMENT OF DETENTION ORDER- 4**